IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNIE PHILLIPS,

        Plaintiff,                         No. CIV S-02-1296 GEB JFM P

    vs.

CHERYL K. PLILER, et al.,

        Defendants.              PRETRIAL ORDER

_____/

        Pursuant to court order the parties have submitted pretrial statements. Upon review of the statements and the remainder of the file, and good cause appearing therefor, this court makes the following findings and orders:

<u>JURISDICTION/VENUE</u>

        Jurisdiction is predicated upon 28 U.S.C. § 1331 arising under 42 U.S.C. § 1983. Venue is proper. There is no dispute over either jurisdiction or venue.

<u>JURY/NON-JURY</u>

        Both parties have timely requested trial by jury.

/////

/////

/////

UNDISPUTED FACTS

1. At all times relevant to this action plaintiff was an inmate housed at California State Prison-Sacramento (CSP-Sacramento) and defendant Sanchez was a correctional officer at CSP-Sacramento.

2. On January 6, 2002, plaintiff was being escorted to the yard in A-facility, 6 bock.

3. Plaintiff was handcuffed during the escort.

4. At that time, defendant Sanchez ran the yard gate.

5. Plaintiff fell during the escort.

6. The medical report from the incident showed that plaintiff suffered a pea-sized abrasion on his right knee and two faint reddish lines on his inner left arm.

DISPUTED FACTUAL ISSUES

1. Whether defendant Sanchez caused plaintiff to fall and, if so, whether his actions constituted excessive force under the circumstances.

DISPUTED EVIDENTIARY ISSUES

The admissibility of the following evidence will be disputed at trial:

1. The declaration written by inmate Weatherspoon.

2. Rules Violation Report number C-01-06-0626.

3. A chrono authored by L. Doom.

4. Inmate grievance number 02-00053.

5. Evidence regarding a group of correctional officers known as the "Folsom 50."

Motions in limine shall be filed and served not later than seven days before the date set for trial.

SPECIAL FACTUAL INFORMATION

None applicable.

/////

RELIEF SOUGHT

    1. In the complaint, plaintiff seeks compensatory and punitive damages.[1]

    2. Defendant Sanchez seeks judgment in his favor and costs.

POINTS OF LAW

    The parties shall brief the elements, standards and burden of proof of the claims herein presented by plaintiff under the applicable constitutional amendment, statutes and regulations. Trial briefs shall be filed with this court no later than ten days prior to the date of trial in accordance with Local Rule 16-285.

ABANDONED ISSUES

    No issues have been abandoned.

WITNESSES

    In his pretrial statement plaintiff has listed eleven inmates and one psychologist as witnesses. Defendant objects to all but two of these witnesses. Defendant contends that plaintiff has failed to make the showing required by this court's May 6, 2004 scheduling order to obtain the attendance of three of the inmates at trial, and that plaintiff has failed to show that six other inmates will offer any relevant admissible evidence at trial. With respect to the psychologist, defendant contends that the psychologist's testimony relates only to a claim that has been dismissed from this action and is irrelevant to plaintiff's claim against defendant Sanchez.

    The court has reviewed the document filed by plaintiff with his pretrial statement styled "Particularized Showing to Obtain the Attendance of Witnesses." After said review, the court finds that plaintiff has made the showing necessary to obtain the attendance of incarcerated witnesses at trial, see Scheduling Order filed May 6, 2004, at 2-3, only with respect to Inmate Nhia Yang, #P-14717. Plaintiff's request for the attendance of said witness at trial is therefore granted. Plaintiff has not made the required showing for proposed inmate witnesses Burbie,

---

[1] Plaintiff's claims for injunctive relief were dismissed on summary judgment. (See Order filed March 26, 2004.)

1 Lindsay, Burns, Brodis, Frazier, Amos, Allen, Isreal, Nelson, or Weatherspoon.  His request for
2 the attendance of said inmates at trial is therefore denied.
3         Defendant's objection to proposed witness psychologist Kristin Hibbard appears
4 on the record before this court to be well-founded.  The affidavit of Dr. Hibbard appended to
5 plaintiff's opposition to defendants' motion for summary judgment refers directly only to Officer
6 Deaver.  (Attachment 2 to Plaintiff's Opposition to Defendants' Motion for Summary Judgment,
7 filed June 16, 2003.)  Officer Deaver has been granted summary judgment in this action.  (See
8 Order filed March 26, 2004.)  Dr. Hibbard will not be called as a witness for the trial of this
9 matter unless within fifteen days from the date of this order plaintiff makes a showing that she
10 has testimony to offer relevant to his claim against defendant Sanchez.
11         Defendants anticipate calling, either in person or by deposition:
12         A.  Correctional Officer T. Sanchez;
13         B.  Correctional Officer D. Jones;
14         C.  Sergeant C. Tennison;
15         D.  Correctional Officer Smith;
16         E.  Correctional Officer W. Hull;
17         F.  Correctional Sergeant T. Holloway;
18         G.  J. Cunningham, R.N.;
19         H.  H. Becich, PhD., medical expert;
20         I.  Correctional Case Records Manager, if necessary.
21         Each party may call any witnesses designated by the other.
22         A.    No other witness will be permitted to testify unless:
23            (1) The party offering the witness demonstrates that the witness is for the
24            purpose of rebutting evidence which could not be reasonably anticipated at
25            the pretrial conference, or
26 /////

    (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

  B. Upon the post pretrial discovery of witnesses, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify. The witnesses will not be permitted unless:

    (1) The witnesses could not reasonably have been discovered prior to pretrial;

    (2) The court and the opposing party were promptly notified upon discovery of the witnesses;

    (3) If time permitted, the party proffered the witnesses for deposition;

    (4) If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

EXHIBITS, SCHEDULES AND SUMMARIES

  Plaintiff anticipates offering:[2]

  1. Plaintiff's medical report of injury or unusual occurrence, dated January 6, 2002;

  2. Declaration of C/O Donald Jones in support of defendants' motion for summary judgment;

  3. Declaration of I/M T. Weatherspoon dated January 6, 2003;

  4. Rules Violation Reports # C-01-06-026 and C-01-06-059;

  5. CDC 128 Report dated November 2, 2001 by L. Doom;

  6. CDC 128 Report dated January 6, 2002 by T. Sanchez;

---

[2] In addition to the exhibits listed herein, plaintiff lists several pleadings filed in this action and numerous jury instructions as exhibits. Those items are not proper exhibits and have not been included herein.

1        7.  CDC Appeal-Grievances SAC-02-00111 and SAC-02-00053.

2       Defendants anticipate offering:

3        A.  Abstract(s) of Judgment representing plaintiff's felony conviction(s) and sentence(s);

       B.  Abstract(s) of Judgment representing felony conviction(s) and sentence(s) of plaintiff's inmate witness;

       C.  Plaintiff's CDC Rules Violation Reports (CDC 115's) authored by Officer Sanchez;

       D.  Informational chrono dated 1-6-02 authored by T. Sanchez;

       E.  Plaintiff's inmate appeal (CDC 602's Log Number 02-00111) and all responses thereto;

       F.  Medical Report of Injury or Unusual Occurrence (CDC 7219) dated January 6, 2002;

       G.  Plaintiff's Outpatient Interdisciplinary Progress Notes from January 1, 2002 through June 1, 2002;

       H.  Plaintiff's CDC Mental Health from June 2001 through July 2003;

       I..  CDC Chronological history, gang affiliation, and CDC Rules Violation Reports regarding plaintiff's inmate witnesses;

       J.  Photographs of the A-Facility Administrative Segregation Yard, sallyport, and housing unit;

       K.  Videotape of the A-Facility Administrative Segregation Yard on January 6, 2002.

Both parties shall bring copies of their exhibits to the trial confirmation hearing where they will be exchanged.

/////

/////

1        Each party will file any objections to exhibits ten days before trial. Each exhibit
2 not previously objected to will be forthwith received into evidence. Plaintiff will use numbers to
3 mark exhibits; defendant will use letters.
4        A. No other exhibits will be permitted to be introduced unless:
5           1. The party proffering the exhibit demonstrates that the exhibit is for the
6           purpose of rebutting evidence which could not have been reasonably
7           anticipated, or
8           2. The exhibit was discovered after the issuance of this order and the
9           proffering party makes the showing required in Paragraph "B," below.
10        B. Upon the post pretrial discovery of exhibits, the parties shall promptly inform
11 the court and opposing party of the existence of such exhibits so that the court may consider at
12 trial their admissibility. The exhibits will not be received unless the proffering party
13 demonstrates:
14           1. The exhibits could not reasonably have been discovered earlier;
15           2. The court and the opposing party were promptly informed of their
16           existence;
17           3. The proffering party forwarded a copy of the exhibit(s) (if physically
18           possible) to the opposing party. If the exhibit(s) may not be copied the
19           proffering party must show that he has made the exhibit(s) reasonably
20           available for inspection by the opposing party.
21 The parties are directed to bring an original and one copy of each exhibit to trial. The original
22 exhibit becomes the property of the court for purposes of trial. The copy is for bench use during
23 trial.
24 DISCOVERY DOCUMENTS
25        Plaintiff anticipates offering at trial:
26 /////

1. Defendant T. Sanchez's answers to interrogatories and production of documents dated February 12, 2003, answers # 2-5, 7, 8 and 10-25.

2. Defendant T. Sanches's responses to requests for admissions # 2, 5, 6, 8-10, 15-19, and 31-41.

Defendants do not anticipate the use of any discovery documents.

FURTHER DISCOVERY OR MOTIONS

Plaintiff seeks leave to file a motion to compel further discovery. Discovery closed on February 28, 2003. Plaintiff's request is untimely and is denied.

All motions in limine must be filed seven days prior to the trial.

STIPULATIONS

At this time the parties have reached no stipulations.

AMENDMENTS/DISMISSALS

None.

SETTLEMENT NEGOTIATIONS

It appears that a settlement conference is not warranted in this case.

AGREED STATEMENTS

None.

SEPARATE TRIAL OF ISSUES

Defendant requests trial be bifurcated on the issue of punitive damages and that a separate trial be held on the amount of punitive damages if the jury determines such an award is appropriate. Defendant's request is denied.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Not applicable.

ATTORNEYS' FEES

Plaintiff seeks attorney's fees pursuant to Local Rule 54-293(c), but he is not represented by counsel. Defendant does not seek attorneys' fees.

TRIAL CONFIRMATION HEARING

A trial confirmation hearing is set for January 13, 2006 at 1:30 p.m. before the Honorable Garland E. Burrell, Jr. in Courtroom 10.

ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for February 28, 2006 at 9:00 a.m. in Courtroom 10 before the Honorable Garland E. Burrell, Jr.  Trial is anticipated to last [#] days.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties are directed to Local Rule 47-162(a) and Local Rule 51-163(a) for procedures and time limits regarding proposed voir dire and proposed jury instructions, respectively.  The provisions of said local rules notwithstanding, the parties shall file proposed voir dire and proposed jury instructions, if any, not later than fourteen days before the date set for trial.

MISCELLANEOUS

Plaintiff's present custodian shall provide for plaintiff's presence at trial confirmation hearing and at trial pursuant to the writs of habeas corpus ad testificandum to be issued.  All parties shall take any steps necessary to facilitate execution of said writs.  The parties and plaintiff's custodian are cautioned that sanctions will be imposed for failure to comply with court orders.

Counsel are directed to Local Rule 16-285 regarding the contents and the deadline for filing trial briefs.

/////
/////
/////
/////
/////
/////

1  OBJECTIONS TO PRETRIAL ORDER

2  Each party is granted fifteen days from the date of this order to file objections to

3  same.  If no objections are filed, the order will become final without further order of this court.

4  DATED: August 25, 2005.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

12
phil1296.82